Dissenting Opinion.
DeBlanc, J.
The olographic testament is valid, when entirely written, dated and signed by the hand of the testator. How must it be acknowledged and proved ? According to the directory provision of the Code, it must be acknowledged and proved by the declaration of two credible witnesses, who must attest that they recognize the testament as being entirely written, dated and signed in the testator’s handwriting, as having often seen him write and sign during his lifetime.
In the matter of the succession of Daniel Clark it was correctly held that “the rules for the opening and proof of testaments — commencing at article 1649 of the Code, do not pronounce the penalty of nullity for their non-observance, and they nowhere say that other cases may not arise in which the strict letter of these rules may not be inapplicable, and the judge may not receive, in extraordinary cases, other equally satisfactory proof that the requirements of the law have been fulfilled.” 11 A. 128.
. In “ State vs. Ames,” the opinion of experts was taken as to the genuineness of the will, and the court said: “ We have had, presented for our inspection, the act itself with letters acknowledged to have been written by Joseph Field — the testator — and also the checks proved to have been signed by him. We have compared the handwriting and the signatures, and — after full consideration of the whole — we think the validity of the act established, and that it should be maintained.”
23 A. p. 75.
*322 I believe that any proper evidence, calculated to convince the court and to conclusively establish that the testament was entirely written, dated and signed by the testator, should be heard and admitted. Otherwise, many a testament, valid in substance and valid in form, uncontested and incontestable, would — nevertheless—remain among the archives of the court, a mute confident of the last wishes .and legitimate dispositions of a deceased party.
Were one — impelled by the apprehension that the proof and execution of his testament might be objected to and opposed — to carry it himself to the judge of the probate court, declare in his presence and in presence of his clerk, that it was entirely written, dated and signed by him, ask the judge and the clerk to read it, and, after having read, to sign it; and this done, leave it — until his death — in the possession of those officers. Under these circumstances, could the judge — when asked to acknowledge it and. order its execution, justly answer : this — • beyond any doubt — is the testament of the deceased ; it was handed to and kept by me : my signature, that of my clerk are attached to it; I have read it before, I recognize every word which it contains, I know from, the testator’s own declaration that it was entirely written, dated and signed by him, but I have not often seen him write and sign during his lifetime, and, on that account and for no other reason, I cannot acknowledge it; the letter of the law — -blind and inflexible sentinel — stands between the will and its execution.
It cannot be successfully contended that a court is powerless to enforce that which it expressly authorizes, and to receive — as proof of the genuineness of an act which is valid in form and valid in substance, the evidence which — under other circumstances — it would consider as sufficient to deprive one of more than any right created by human law, his liberty — of more than his liberty, his life.
Of the sacred duties of a court, the most sacred is to protect, against the petty interests of this world, the last will of the departed, and a too rigid construction of the articles of the Code which relate to the proof of olographic testaments, would — often—impede the performance of that duty and defeat the most lawful dispositions.
For these reasons, I respectfully dissent from the opinion read by the Chief Justice, but concur in the decree rendered by the Court.